IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM PRUDHOMME, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1382-G-BN |
| | § | |
| MARCUS MICHLES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Adam Prudhomme, providing an address in Pensacola, Florida, initiated a *pro se* action in this district through a complaint titled In the First District Escambia County Clerk of Court(s) Florida's Criminal & Civil Division | Weaving a Piece of Law 23 | The 22 | Run This 100% | [Dkt. No. 3]. Prudhomme's allegations are difficult to decipher but included in them appears to be a warrant for his arrest, filed in Circuit Court of the First Judicial Circuit in and for the County of Escambia, State of Florida, setting out that there is probable cause to arrest him for aggravated stalking, harass after injunction, in violation of Florida law. *See id.* at 10-14.

Senior United States District Judge A. Joe Fish referred Prudhomme's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Whatever Prudhomme's claims may be, they do not belong in this judicial district. The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case without prejudice, for

improper venue, under 28 U.S.C. § 1406(a).

Venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

Prudhomme's allegations do not support venue in this judicial district under this statute.

And, "[w]hen venue is challenged," *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) – or, like now, when a district court raises the issue of venue sua sponte, *see, e.g., Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) – "the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr.*, 571 U.S. at 56.

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." And it

> allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. *[Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026,

1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

"The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006); *see also Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 4507459, at *4 (N.D. Tex. July 15, 2016) ("[C]ourts have consistently understood that they have broad discretion in deciding whether to transfer or dismiss a case based on improper venue." (collecting cases)), *rec. accepted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016).

Considering the substance of Prudhomme's complaint, the interest of justice compels that the Court dismiss this case without prejudice under Section 1406(a).

### Recommendation

The Court should dismiss this action without prejudice under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 28, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE